UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:25-cv-01119-MSS-LSG

Proven Industries Inc, a Florida corporation

    *Plaintiff,*

    v.

Trevor McNally, individual

    *Defendant.*
/

## Declaration of Christopher Canning, In Support of Plaintiff's Emergency Motion for Preliminary Injunction and Incorporated Memorandum of Law

I, Christopher Canning, declare as follows:

1. I am over eighteen years of age and reside in the Middle District of Florida.

2. I created the audiovisual work titled "YOU GUYS KEEP SAYING YOU CAN EASILY BREAK OFF OUR LATCH PIN LOCK" (the "Work"), which was completed in 2025 and first published on March 3, 2025.

3. The Work was created for Proven Industries, Inc. ("Proven").

4. I am the sole author of the narration, video concept, script, and editing for the Work.

5. The goal of the Work was to promote Proven's Latch Pin Lock product in an engaging, humorous, and visually compelling way. The script was intended to address - in a tongue-in-cheek fashion - imagined online critics or "haters"

1

who suggest the lock is easy to defeat. This was used to captivate viewers and spark engagement on social media.

6. The narrative was scripted to introduce the product with a bold way, then subject it to exaggerated "tests" using tools like bolt cutters, a crowbar, and a sledgehammer. My goal was to show the product's durability. These visual trials were choreographed for dramatic effect.

7. The introduction was especially important. I recorded the narration with the specific goal of drawing in viewers quickly and setting the theme. The opening lines are:

> "Today, I'm going to prove a lot of you haters wrong. We've been getting a lot of comments saying that you can easily break off one of our latch pin locks, and today we're going to debunk that. We're going to put it through the wringer and show you how much it can handle."

8. That opening section is what I consider a very important part of the Work. It establishes the purpose, tone, and creative direction of the entire video. The delivery, inflection, and script were all carefully chosen to balance humor with marketing effectiveness.

9. In addition to writing the script and directing the visuals, I also directed and edited the product placement, added fast-paced cuts, close-up product shots, and other visual effects to enhance the video's entertainment value and display the Proven brand. The goal was to make the Work feel more like viral social media content than a traditional advertisement.

10.    I watched the Part 1 video published by Trevor McNally and McNally substantially copied the Work in his own video. McNally used the exact opening audio, "*Today, I'm going to prove a lot of you haters wrong. We've*

*been getting a lot of comments saying that you can easily break off one of our latch pin locks, and today we're going to debunk that. We're going to put it through the wringer and show you how much it can handle",* and combined it with spliced visual sequences of the product demonstrations shown in the Work.

11.     McNally also incorporated approximately 15 seconds of the original Work itself. I was never contacted by McNally for permission to use the Work.

12.     McNally copied the most expressive and impactful part of the Work, our scripted "zinger" meant to hook viewers and set the narrative. His use of this portion, combined with the unauthorized video footage, demonstrates that he copied the part of Work made to grab viewers' attention and establish Proven's credibility, for his own benefit.

13.     McNally also copied the thumbnail visual design of the Work. The composition of his video's thumbnail mimics the angle, tone, color scheme, and on-screen caption of our original. The thumbnail was a key component of our marketing strategy — used to invite viewers to click and engage with the video.

14.     The visual style, pacing, script, and opening narration of the Work are original and the product of creative effort to frame Proven's Latch Pin Lock as a durable, high-quality security product in an engaging and relatable way, using humor and exaggerated challenges to highlight its features while building brand credibility and viewer trust.

I declare under penalty of perjury under the laws of the United States that the

3

foregoing is true and correct.

Executed this <u>31st</u> day of <u>   May   </u>, 2025, in <u>Ruskin         </u>, Florida.

Signature: _____

Name: <u>Christopher Canning  </u>

Title: <u>    Content Creator         </u>

# Audit trail

| | |
|---|---|
| Name of the document | Declaration of Christopher Canning.pdf |
| Signature reference ID | 1cc53cd4-12a8-462f-bf9d-2f6773c9ca26 |
| Date format | YYYY-MM-DD HH:MM:SS UTC |
| Status | SIGNED |
| Signing completed | 2025-05-31 21:59:43 UTC |

**Signing initiated**
2025-05-31 17:31:43 UTC

**Patent Specialist** (info@plusfirm.com) sent document for signing.
**Signers:**
  - **Christopher Canning** (ccanning@provenlocks.com)
Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/137.0.0.0 Safari/537.36
IP: 2600:8800:6180:2600:2a:d16f:207f:ffd5

**Document viewed**
2025-05-31 21:55:17 UTC

**Christopher Canning** (ccanning@provenlocks.com)
docbase-public
IP: 35.138.130.35

**Document signed**
2025-05-31 21:59:43 UTC

**Christopher Canning** (ccanning@provenlocks.com)
docbase-public
IP: 35.138.130.35
Authentication code: Not required

**Signing completed**
2025-05-31 21:59:43 UTC

---

Document was signed by using Pipedrive signing service.
We store viewing info only for signers that allow it. We show the first view from each signer.
Electronic signatures in this PDF document can be verified with Adobe Acrobat Reader.

pipedrive