UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:25-cv-01119-MSS-LSG

Proven Industries Inc, a Florida corporation

*Plaintiff,*

v.

Trevor McNally, individual

*Defendant.*

/

## Declaration of Anthony Sansone, In Support of Plaintiff's Emergency Motion for Preliminary Injunction and Incorporated Memorandum of Law

I, Anthony Sansone, declare as follows:

1. I am over eighteen years of age and reside in the Middle District of Florida. I hold a Bachelor of Science degree in Mechanical Engineering from Binghamton University and have 18 years of industry experience in the design, testing, and manufacturing of mechanical systems. Prior to joining Proven Industries, I worked in various engineering roles where I was responsible for mechanical component design, fixture development, and production support for complex electromechanical and mechanical assemblies. My past positions

1

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

have included overseeing mechanical engineering projects from concept through production, having technical ownership over mechanical systems in nuclear submarines, and providing technical leadership for liquified natural gas heat exchanger manufacturing. This background has given me extensive experience in interpreting and replicating mechanical systems - skills directly relevant to analyzing and responding to the claims at issue in this matter. At Proven, I currently work in the product design and testing department, where I am directly involved in the engineering and evaluation of Proven's trailer hitch lock products, including the Latch Pin Lock. Additionally, I am a co-inventor of numerous utility patents issued by the United States Patent and Trademark Office surrounding locking products and manufacturing methods.

2. I am currently a mechanical engineer employed by Proven Industries Inc. ("Proven"), the Plaintiff in this matter. I make this declaration in support of Plaintiff's Motion for Preliminary Injunction. The facts stated in this declaration are based on my personal knowledge, including my direct observations and duties as Mechanical Engineer. If called as a witness, I could and would competently testify to the facts stated herein.

3. Proven designs, manufactures, and sells trailer hitch locks, including , the Latch Pin Lock. As part of my duties at Proven, I review product

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

performance data, oversee product testing, and evaluate third-party claims about the functionality and integrity of our locks. In that capacity, I personally reviewed the social media videos published by Defendant, Trevor McNally ("Defendant"), including the video referred to as "Part 1 Video", which was published across TikTok, YouTube, Instagram, and Facebook.

4. On March 3, 2025, Proven released a promotional video titled *YOU GUYS KEEP SAYING YOU CAN EASILY BREAK OFF OUR LATCH PIN LOCK* (the "Proven Video"). The video was registered by Proven's attorney, Derek Fahey, Esq., with the U.S. Copyright Office on April 7, 2025 (Reg. No. PA 2-524-347). *See* Exhibit A, U.S. Reg. No. PA 2-524-347; *see* Exhibit B-1, copy of Proven Video delivered on USB by Priority Mail.

5. I personally reviewed the public social media accounts of Defendant. As of April, and May 2025, I observed that he had: Over 3.5 million subscribers on his YouTube channel; Over 2.5 million followers on TikTok; Over 500,000 followers on Instagram; and Over 260,000 followers on Facebook. *See* Exhibit C, Screenshots of Defendant's YouTube Channel, TikTok, Instagram, and Facebook.

6. Shortly after April 3, 2025, I learned of and personally watched a video ("Part 1 Video") posted by McNally on TikTok, YouTube Shorts, Instagram

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

Reels, and Facebook. The Part 1 Video begins by using approximately fifteen (15) seconds from Proven's Video, including their narration, visuals, and product demo without their permission. *See* Exhibit B-2, copy of Part 1 Video delivered on USB by Priority Mail.

7. I have personally viewed the Part 1 Video multiple times. Based on my review, the video uses approximately fifteen (15) seconds of Proven's copyrighted promotional footage - specifically, visuals and narration - without permission. McNally then purports to demonstrate bypassing the Proven Latch Pin Lock using a piece of an aluminum can in approximately ten (10) seconds. As a mechanical engineer familiar with this product's design and function, I can confirm that the depiction in the Part 1 Video is misleading and omits critical context necessary for viewers to understand what occurred. These omissions give a false impression that our lock is defective and easily bypassed by anyone without tools or skill, and can be accomplished without preparation. *See* Exhibit B-2, copy of Part 1 Video delivered on USB by Priority Mail.

8. The Part 1 Video falsely implies that Proven's lock can be easily opened without a key, by anyone, using common household items, and without any technical skill. In reality, successfully bypassing our lock using a fabricated

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

shim — such as the one McNally uses in his video — requires a clear understanding of the lock's internal mechanism, significant trial and error, and knowledge of shim materials and dimensions. The video does not disclose how McNally acquired that understanding, nor does it show any process of disassembly, experimentation, or prior attempts. Based on my professional experience, it is not feasible that someone could achieve this result on a first attempt without prior study or practice. *See* Exhibit B-2, copy of Part 1 Video delivered on USB by Priority Mail.

9. Part 1 Video also is completely devoid of how McNally knew how to make the shim, the dimensions or shape in which to make the shim, or where to position the shim to open the lock. To evaluate the feasibility of the demonstration, I personally attempted to replicate the shim and bypass shown in the Part 1 Video. I created approximately ten (10) shims modeled on what I observed on the Part 1 Video. I was unable to successfully open the lock with any of these shims. In each case, the shim deformed inside the recessed channel of the lock body and eventually ripped apart. I was forced to use the key to open the lock and remove the debris.

10. These findings demonstrate that bypassing Proven's lock, even with extensive experience with the specific product's mechanical design, is not

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

as straightforward as initially depicted. The shim design is finicky: if the shim is too narrow, it will likely tear; if too wide, it is difficult to insert and maneuver within the lock's annular gap. Creating a shim that both fits and functions requires nuanced understanding of the lock's mechanics and considerable trial and error. It is not intuitive or easily replicable, and success necessarily depends on a nuanced understanding of the lock's internal mechanics and highly specific shim dimensions. *See* Exhibit B-2, copy of Part 1 Video delivered on USB by Priority Mail.

11. Part 1 Video also is completely devoid of any explanation of how many times McNally practiced in order to open the lock.

12. McNally then posted a second ("Part 2 Video") and third ("Part 3 Video") instructional video, which included the step-by-step process he employed to breach the lock. *See* Exhibits B-3 and B-4, copies of Part 2 and 3 Videos, respectively, delivered on USB by Priority Mail. I have personally viewed Part 2 Video and Part 3 Video several times. Both Part 2 and Part 3 Videos omit any explanation that McNally had previously disassembled or studied the lock to learn how the lock worked in order to fabricate a custom shim. *See* Exhibits B-3 and B-4, copies of Part 2 and 3 Videos, respectively, delivered on USB by Priority Mail. These omissions give a false impression

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

that Proven's lock is defective and easily bypassed by anyone without tools or skill.

13. Like the Part 1 Video, both the Part 2 and Part 3 Videos are completely devoid of how McNally knew how to make the shim, knew what dimensions or shape the shim should be in, or where to position the shim in order to open the lock.

14. The Part 2 and Part 3 Videos also are completely devoid of any explanation of how many times McNally practiced in order to open the lock.

15. Over the course of several hours, I watched the Part 2 and Part 3 Videos in slow motion, pausing frame by frame, to replicate the size and shape of the shim McNally had created — a size and shape that, based upon my training and experience, McNally could only settle upon after studying the lock's internal mechanisms and through trial and error. Even after watching McNally's videos frame by frame and creating what appeared to be an identical shim, I was unable to open the lock. I succeeded on a second try, but only when the lock was detached from the trailer and I could freely maneuver it, but those are not real-world conditions. When I attempted the same bypass with the lock installed on a trailer — i.e., in a real-world use case — I was again unsuccessful. I encountered the same issues: the shim bunched up and tore

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

inside the lock, requiring the key to open it and clear the obstruction. This demonstrates that McNally's bypass technique is highly sensitive to positioning, leverage, and clearance space — factors that are not present when the lock is properly installed.

16. I have personally tracked the Part 1 Video's viewership and reposting. As of May 2025, I observed that it had accumulated more than 13 million views across platforms. I also reviewed hundreds of user comments referencing the McNally Part 1 Video that were posted on Proven's social media channels and product listings.

17. I only learned that the Part 2 and Part 3 Videos were posted after Proven's President and several of Proven's employees reported receiving harassing phone calls and text messages on their personal devices.

18. The Part 2 Video was posted on May 23, 2025, and Part 3 Video was posted on May 25, 2025. McNally published the Part 2 and Part 3 Videos on TikTok, YouTube Shorts, Instagram Reels, and Facebook. *See* Exhibits B-3 and B-4, copies of Part 2 and 3 Videos, respectively, delivered on USB by Priority Mail.

19. On May 28, 2025, McNally published a fourth video ("Part 4 Video") showing a bypass of a different Proven lock model installed on a cargo

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

container. McNally gave no explanation of how the shim was made or how he knew where and how to insert it. I attempted to replicate the bypass using aluminum shims shaped similarly to those shown in his videos but I was unsuccessful. The shim McNally used appears to be premade with an exact fit, strongly suggesting prior disassembly, planning, and trial. The video conceals the shape of the shim and omits any context necessary to understand how the bypass was achieved. After approximately 45 minutes of attempting to shim open the lock with a scrap metal can, I was unsuccessful. I did not have enough information in the video to be able to replicate the shim that McNally used to breach the lock. I believe that McNally's video falsely implies that the lock can be easily defeated. *See* Exhibit B-5, copy of Part 4 Video delivered on USB by Priority Mail.

20. Based on my observations, I believe that Proven is suffering irreparable harm. The McNally Video spreads a false implication that undermines Proven's credibility in the marketplace and for Proven's employees. The damage to Proven's reputation, goodwill, and customer relationships cannot be adequately remedied by money. The video remains active and continues to harm Proven with every additional view and repost.

21. McNally's unauthorized use of Proven's copyrighted video, along

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

with his omission of critical facts and misleading demonstration, have caused ongoing harm to Proven's business and brand. These harms are not speculative — they are measurable, immediate, and continuing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this 30 day of May, 2025, in Palmetto, Florida.

Signature: *Anthony Sansone*

Name: Anthony Sansone

Title: Mechanical Engineer

10

Doc ID: b2ea79a94c985c73fffb48fde116a64da4e9173e

**Dropbox Sign**                                                                  Audit trail

| | |
|---|---|
| Title | Declaration of Anthony Sansone |
| File name | Declaration_of_Anthony_Sansone.pdf |
| Document ID | b2ea79a94c985c73fffb48fde116a64da4e9173e |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

## Document History

**SENT**  05 / 30 / 2025  21:05:21 UTC
Sent for signature to Anthony Sansone (asansone@dmgfab.com) from derek@plusfirm.com
IP: 186.171.19.2

**VIEWED**  05 / 30 / 2025  21:35:57 UTC
Viewed by Anthony Sansone (asansone@dmgfab.com)
IP: 108.190.198.20

**SIGNED**  05 / 30 / 2025  21:38:34 UTC
Signed by Anthony Sansone (asansone@dmgfab.com)
IP: 108.190.198.20

**COMPLETED**  05 / 30 / 2025  21:38:34 UTC
The document has been completed.