UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No. 8:25-cv-01119-MSS-LSG

Proven Industries Inc, a Florida corporation
   *Plaintiff,*

   v.

Trevor McNally, individual
   *Defendant.*

   _____/

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Proven Industries Inc., files this reply to Defendant's Opposition to Plaintiff's Emergency Motion for Preliminary Injunction [DE [014]], and states:

### I. Proven does not seek unconstitutional prior restraint, rather, Proven seeks constitutional restraint on Defendant's false and misleading speech.

Proven seeks only to restrain speech that conveys a false implication that Proven's locks provide little security through calculated omissions and misleading framing. Defamation by implication is premised not on direct statements but on false suggestions, impressions, and implications arising from otherwise truthful statements. *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1107 (Fla. 2008). Thus, even if the McNally video is a true statement, Defendants' omission of critical facts, such as the need for operational knowledge of Proven's locks, knowledge of shim fabrication and placement, or repeated trial and error, creates the false impression that Plaintiff's lock can be easily opened when in use and without a key. That implication is misleading, damaging, and actionable under Florida law to which Plaintiff is entitled to relief.

### II. Plaintiff's Motion for Injunction Seeks Relief Consistent with the Complaint and Arising from the Defendant's Same Ongoing Misconduct

Eleventh Circuit precedent permits injunctive relief outside the Complaint when it seeks "intermediate relief of the same character" as the final relief. *Logan v. Clemmons*, No. 3:17-cv-765-J-39PDB at *1 (M.D. Fla. June 17, 2019)(citing *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997), amended on reh'g, 131 F.3d 950 (11th Cir. 1997)( "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). In *Kainmowitz,* the court denied the movant injunctive relief where the suit was one for damages on a fraud claim and the movant sought equitable relief regarding a First Amendment issue. *See Kaimowitz*, 122 F.3d at 43. Here, unlike in *Kaimowitz*,

1

Proven's injunction asserts the same pattern of Defendant's misleading conduct already alleged and is well within the scope of relief the Court may issue in the Complaint, namely, Defendant's unauthorized use of Plaintiff's copyrighted video and his ongoing dissemination of false and misleading implications about Plaintiff's product.[1] *See* [[DE [014] p.13, footnote 6](conceding the assertion). The injunction seeks to prevent further irreparable harm caused by that same pattern of conduct.[2] Accordingly, the requested relief is of the same character as the ultimate relief sought and is properly within the Court's authority to grant at this stage.

### III. McNally's Use of Plaintiff's Copyrighted Work is Not Fair Use

All four statutory factors under 17 U.S.C. § 107 weigh against fair use.

#### 1. Purpose and Character of Use

Defendant's use is commercial in nature. McNally monetizes his content and promotes affiliated lock-picking tools through his social media channels, including in connection with the McNally Video. Commercial use is disfavored and presumptively unfair under the fair use analysis. *See Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 562 (1985) ("[E]very commercial use of copyrighted material is presumptively an unfair exploitation.").

Defendant's argument that The McNally Video is transformative fails. Defendant cites *Hosseinzadeh* to argue that the McNally video constitutes critique or commentary. *Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34 (S.D.N.Y. 2017). Unlike in *Hosseinzadeh*, where the court found fair use because the defendants inserted verbal

---

[1] Plaintiff intends to file a Motion for Leave to Amend the Complaint, along with an Amended Complaint, to incorporate the Defendant's subsequent videos and related conduct.
[2] Defendant has now published a total of six videos. *See* Decl. of McNally [DE 015], ¶¶ 36–53 (discussing Parts 2–6). *See also* Second Supplemental Decl. of Anthony Sansone (attached hereto), addressing Part 6. A copy of videos Part 5 and 6 are submitted therewith as Exhibits B and A, respectively, to Anthony Sansone's Second Supplemental Decl.

commentary that expressly critiqued the original video, here, McNally makes no verbal commentary on the Proven Video[3]. *See id.* "In fact, McNally does not speak or publish any written statement in the McNally Video." [DE [014] p. 14]. McNally's absence of any criticism about the Proven Video distinguishes this case from *Hosseinzadeh*.

Even if Defendant's conduct could be viewed as commentary, it targets the products shown, not the content, message, or expressive elements of the Proven Video. The Proven Video conveys a message about the lock's durability. Defendant does not comment on or critique that message. Instead, McNally's silent shimming demonstration is unrelated to the substance of the Proven Video and offers no critique or commentary on it. Defendant's demonstration could have been made without using Plaintiff's copyrighted work, as Defendant did in his subsequent videos Parts 2-6. McNally's use of the Proven Video is not transformative commentary; it is illustration. *See Barcroft Media, Ltd. v. Coed Media Grp.*, 297 F. Supp. 3d 339, 352 (S.D.N.Y. 2017) (finding no fair use where images were copied for illustration rather than critique). Therefore, this factor weighs against fair use.

### 2. Nature of the Copyrighted Work

The Proven Video is a creative, professionally produced marketing work that includes original audiovisual content, scripting, and branding. Such creative works are entitled to strong copyright protection. *See Harper & Row*, 471 U.S. at 563. This factor weights against a finding of fair use.

### 3. Amount and Substantiality of the Portion Used

Defendant copied approximately sixteen seconds from a ninety-second video.

---

[3] Plaintiff submits Exhibit C to the accompanied Notice of Manual Filing as the deposit copy of the copyrighted work, which was received from the U.S. Copyright Office on June 9, 2025.

This segment includes the most recognizable and persuasive portion of the Proven Video, its introduction and product messaging. Courts have held that copying the "heart" of a work, even if quantitatively small, militates against fair use. *See Cambridge Univ. Press,* 769 F.3d at 1271 (citing *Campbell, 510 U.S. at 587, 114 S.Ct. at 1175 ; see also Harper & Row,* 471 U.S. at 565, 105 S.Ct. at 2233; *See also L.A. News Serv. v. KCAL-TV Channel 9,* 108 F.3d 1119 (9th Cir. 1997), cert. denied 522 U.S. 823 (1997). Here, Defendant's use of the Proven Work was both a quantitatively and qualitatively significant misappropriation of the most impactful portion of Plaintiff's work, used to generate views, attract attention, and increase engagement for commercial gain. This factor weighs strongly against fair use.

### 4. Effect on the Market

Fourth, the effect on the market weighs heavily against fair use. Defendant's unauthorized use distorted the Proven Video's messaging and diminished its value as a commercial asset, undermining its utility in future campaigns or licensing.

### IV. Defendant Conflates the Requirements for Defamation by Implication with that of Defamation

Defendant's argument that non-verbal conduct cannot support a defamation by implication claim is legally incorrect.[4] Florida law makes clear that defamation by implication is contrasted to defamation because "defamation by implication arises **not from what is explicitly stated**, but from what is **implied** through omissions, context, or the juxtaposition of facts." *Coton v. Televised Visual X-Ography, Inc.,* 740 F. Supp. 2d 1299, 1314 (M.D. Fla. 2010)(holding that unauthorized use of plaintiff's image on adult film packaging falsely implying her association with pornography constituted

---

[4] The cases cited by Defendant primarily address claims for defamation, not defamation by implication. *See, e.g., Hoon v. Pate Const. Co., Inc.*, 607 So.2d 423, 428-29 (Fla. 4th DCA 1992).

4

defamation by implication)(quoting *Jews for Jesus, Inc.*, 997 So. 2d at 1106)(emphasis added). In other words, unlike defamation, defamation by implication does not an explicit verbal statement and may arise from non-verbal conduct, omissions, or juxtaposition of facts from otherwise truthful statements. *See Id.*

Here, Plaintiff's claim is based on Defendant's deliberate omission of key context. Defendant's videos falsely suggest that Proven's locks offer little to no security because they can be easily opened without a key. In reality, bypassing the lock requires prior knowledge of internal components and the use of custom tools. The way the Defendant presents the videos creates a false impression that Proven locks when in use provide little and can be trivially bypassed without a key, and that Proven manufactures insecure lock products. Florida law does not require a verbal or written statement where the defamatory meaning is conveyed by implication. *See id.* Nonetheless, even assuming arguendo that verbal statements are required, Defendant's subsequent videos (Parts 2 through 6) include verbal commentary that reinforces and amplifies the same false implication. Defendant's position is therefore legally unsupported and should be rejected.

### V. Plaintiff Seeks Injunctive Relief Based on Defamation by Implication Where False Speech Furthers Tortious Interference

Defendant cannot invoke the protection of the single publication rule as a shield while simultaneously wielding his own ongoing defamatory conduct as a sword. *See Doe v. Am. Online, Inc.*, 783 So. 2d 1010, 1017 (Fla. 2001) ("every repetition of a defamatory statement is considered a publication"); *Five for Entm't S.A. v. El Cartel Records, Inc.*, 725 F. App'x 793, 797 (11th Cir. 2018) (applying Florida's multiple publication rule). After Plaintiff filed its Complaint based on the initial Part 1 Video, Defendant continued publishing additional videos, each reinforcing and escalating the

5

same false implication that Plaintiff's lock products are not secure.

Here, Plaintiff seeks injunctive relief under its defamation by implication claim, not its tortious interference claim. However, Florida law only permits injunctive relief for defamation by implication that furthers a separate tort, such as tortious interference. *Murtagh v. Hurley*, 40 So.3d 62, 67 (Fla.Dist.Ct.App.2010). In Florida, a tortious interference claim must be based on actual or prospective relationships with identifiable customers rather than the general public. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 815 (Fla. 1994). Here, Plaintiff submitted specific evidence of actual harm to business relationships. [[DE [010]], Lee Decl. ¶ 15, 30, Exhibit E-G, P]. This harm is distinguished from that in *Murtagh,* because the tortious interference is not merely incidental to the defamation by implication, it is an independent and direct result of McNally's intentional conduct to post content that incites his viewers to harm Plaintiff's actual or prospective business relationships. *See* [[DE [010], Decl. Lee ¶ 34, Exhibit S]. The Court may therefore grant injunctive relief based on the defamation by implication claims.

## VI. Section 230 of the Communications Decency Act Does Not Immunize McNally from Liability for His Own Misconduct

To invoke immunity under Section 230, a defendant must establish that (1) they are a provider or user of an interactive computer service, (2) the claim treats them as the publisher or speaker of the information, and (3) the information was provided by another information content provider. *See Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1321 (11th Cir. 2006). McNally fails to satisfy the third prong. The infringing and defamatory content in dispute originates from McNally himself. The harm arising from viewer reactions or comments to the McNally Videos stems directly from McNally's own misleading presentations. Plaintiff does not seek to impute the liability

of third parties to McNally. Rather, it is McNally's own conduct that provokes, directs, and incites the harm. Section 230 does not provide immunity for a content creator's own unlawful acts to which he created or materially contributed. *See Roca Labs, Inc. v. Consumer Opinion Corp.*, 140 F. Supp. 3d 1311, 1319 (M.D. Fla. 2015)(*citing to Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 410 (6th Cir. 2014)). Here, McNally's own conduct, not third-party comments, forms the basis of liability. Plaintiff does not seek to hold McNally liable for independent comments or conduct by third parties. Instead, Plaintiff seeks to hold McNally liable for his own speech and actions, specifically his publication of misleading videos that incorporate Plaintiff's copyrighted promotional footage and falsely imply that Plaintiff's security products are insecure.

### VII. Defendant's Procedural Objection Fails Because Plaintiff Has Submitted a Proposed Order

Courts routinely resolve motions on the merits rather than dismissing them based on curable procedural defects, especially where the opposing party suffers no prejudice. *See Perez v. Wells Fargo, N.A.,* 744 F.3d 1329, 1332 (11th Cir. 2014). Plaintiff concedes that a proposed order was inadvertently omitted from its initial filing. *See* [DE [010]]. However, the requested relief was stated *ipsis verbis* in the Motion's prayer for relief, providing the Court and Defendant with clear notice of the injunctive terms sought. *Id.* Attached to this reply as **Exhibit A** is a formal proposed order. Therefore, this issue is moot. Accordingly, the Court should consider the Motion based on substance and equity.[5]

---

[5] Indeed, Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction failed to comply with Local Rule 1.08(b) by including improper font size in the body and footnotes, allowing the brief to fit within the Court's page limit when it otherwise would have exceeded it.

Dated: June 10, 2025     Respectfully Submitted,

/Derek Fahey/
Derek R. Fahey, Esq.
The Plus IP Firm, PLLC
Fla. Bar. No. 88194
101 N.E. 3rd Ave., Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 332-3584
Email: Derek@plusfirm.com
*Attorney for Plaintiff*
<u>*LEAD ATTORNEY TO BE NOTICED*</u>

/Austin Nowacki/
Austin R. Nowacki, Esq.
The Plus IP Firm, PLLC
Fla. Bar. No. 1016961
Email: austin@plusfirm.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 10 June 2025 a true and correct copy of the foregoing was served to all counsel of record via email and by filing with the Clerk of the Court using Florida E-Filing Portal, on all counsel or parties of record.

/Derek Fahey/
Derek Fahey, Esq.