UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No. 8:25-cv-01119-MSS-LSG

Proven Industries, Inc., a Florida corporation,
    *Plaintiff,*

v.

Trevor McNally, individual,
    *Defendant.*

_____/

## PLAINTIFF'S MOTION FOR LEAVE
## TO FILE FIRST AMENDED COMPLAINT

Plaintiff, Proven Industries, Inc. ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 15(a)(2), respectfully moves for leave to amend its Complaint, and in support states:

**Legal Standard**

1. Federal Rule of Civil Procedure 15(a)(2) provides that if an amendment to a pleading is not permitted as of course, such amendment may be made only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given when justice so requires" unless there is an "apparent or declared reason" to deny it such as "undue prejudice to the opposing party." *Pinnacle Adver. v. Pinnacle Adver. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021)(citing *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

2. Although granting leave to amend lies within the district court's discretion, the Eleventh Circuit has emphasized that this discretion should ordinarily be exercised in favor of allowing amendments to ensure disputes are resolved on the

merits. *Pinnacle Adver.,* 7 F.4th at 1000 (citing *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 406–07 (11th Cir. 1989)(explaining that Rule 15's policy of "liberally permitting amendments to facilitate [the] determination of claims on the merits circumscribes the exercise of the district court's discretion"). If the facts or circumstances presented by a plaintiff could support a valid claim, the plaintiff should be given a fair opportunity to pursue that claim on the merits. *Foman,* 371 U.S. 178. Courts in the Eleventh Circuit should routinely grant leave to amend unless there is "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment." *See Id.*

## Background

3. Plaintiff filed the original Complaint in this action on May 17, 2025. [DE 001].

4. On 23 May 2025, Defendant Trevor McNally posted a second video to his social media channels.

5. On 25 May 2025, Defendant Trevor McNally posted a third video to his social media channels.

6. On 28 May 2025, Defendant Trevor McNally posted a fourth video to his social media channels.

7. On 31 May 2025, Defendant Trevor McNally posted a fifth video to his social media channels.

8. On 2 June 2025, Plaintiff filed an Emergency Motion for Preliminary Injunction [DE 10].

9. On the same day that Plaintiff filed its Emergency Motion for Preliminary Injunction [DE 010], Defendant Trevor McNally posted a sixth video to his social media channels.

10. On 3 June 2025, the Court issued an Order Setting Hearing [DE 012] and a Notice of Hearing [DE 13].

11. On 6 June 2025, Defendant Trevor McNally filed its Response to Plaintiff's Emergency Motion for Preliminary Injunction [DE 014].

12. On 10 June 2025, Plaintiff's filed its Reply to Response to Motion [DE 017].

## Argument

13. This is Plaintiff's first request for leave to amend. Plaintiff seeks to amend the Complaint to incorporate Defendant's continued and escalating course of conduct, namely, the posting of five additional videos following the initial Complaint. Had Plaintiff amended its pleading each time a new video was posted, this would be its fifth motion to amend its Complaint. Instead, Plaintiff now seeks a single amendment to capture the entirety of Defendant's ongoing misconduct.

14. Leave to amend is warranted because the proposed amendment arises from facts that developed after the filing of the original Complaint and remain within the same nucleus of operative facts already pleaded. Since May 17, 2025, Defendant has published five additional videos that perpetuate the same unlawful conduct and theories of liability asserted in the original Complaint.

15. The amendment is timely and grounded in Defendant's continued course of conduct. No answer has been filed, and discovery has not yet commenced. Defendant cannot claim surprise or prejudice, particularly as the additional videos are

already addressed in Plaintiff's pending Motion for Preliminary Injunction and supporting declarations and Defendant is fully aware of these videos because he posted them and also discussed five of the six videos in his Declaration of Trevor McNally. [DE 15].[1] Therefore, Defendant will not be prejudiced from allowing the amendment.

16. Plaintiff anticipates that Defendant may continue publishing similar content during the pendency of this action. Plaintiff respectfully requests that the Court continue to liberally grant leave to amend to address any future conduct that may give rise to additional claims or liability.

17. Because the amendment is based on newly developed facts, causes no undue delay, and imposes no prejudice, leave should be granted to allow this case to proceed on the merits.

WHEREFORE, Plaintiff, Proven Industries Inc., respectfully requests that this Court:

a. Grant Plaintiff leave to file its First Amended Complaint, attached hereto as Exhibit 1;
b. Deem the First Amended Complaint filed as of the date of the Court's order granting this Motion;
c. Direct Defendant to respond to the First Amended Complaint within the time permitted under the Federal Rules of Civil Procedure; and
d. Grant such further relief as the Court deems just and proper.

### Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), undersigned counsel certifies that counsel for Plaintiff conferred with Defendant's counsel by email on June 10th regarding the relief requested in this motion. Defendant's counsel opposes the requested relief.

---

[1] Defendant's June 2nd video is the only video Defendant did not discuss in his Declaration of Trevor McNally.

Dated: June 12, 2025               Respectfully Submitted,

<div style="margin-left:50%">

/Derek Fahey/
Derek R. Fahey, Esq.
The Plus IP Firm, PLLC
Fla. Bar. No. 88194
101 N.E. 3rd Ave., Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 332-3584
Email: Derek@plusfirm.com
*Attorney for Plaintiff*
<u>LEAD ATTORNEY TO BE NOTICED</u>

/Austin Nowacki/
Austin R. Nowacki, Esq.
The Plus IP Firm, PLLC
Fla. Bar. No. 1016961
Email: austin@plusfirm.com
*Attorney for Plaintiff*

</div>

### Certificate of Service

I HEREBY CERTIFY that on 12 June 2025 a true and correct copy of the foregoing was served to all counsel of record via email and by filing with the Clerk of the Court using Florida E-Filing Portal, on all counsel or parties of record.

/Derek Fahey/
Derek Fahey, Esq.