# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No. 8:25-cv-01119-MSS-LSG

Proven Industries, Inc., a Florida corporation,
    *Plaintiff,*

    v.

Trevor McNally, individual,
    *Defendant.*

_____/

## **Declaration of Derek Fahey, In Support of Plaintiff's Motion to Seal Under Local Rule 1.11**

I, Derek Fahey, declare as follows:

    1. I am over eighteen years of age and reside in the Middle District of Florida.

    2. I am an attorney licensed to practice law in the State of Florida and serve as lead counsel for Plaintiff Proven Industries, Inc. ("Proven") in the above-captioned matter.

    3. In preparation for the preliminary injunction hearing, I contacted multiple individuals with relevant expertise to provide declarations or testimony in support of Plaintiff's claims. These individuals were selected based on their professional background and experience in the lock and security industry.

    4. One non-party witness initially agreed to submit a declaration and confirmed their willingness to testify. However, after disclosing the situation to a third party associated with the witness's business, the witness later

1

informed Plaintiff's counsel that the witness would not participate in any way due to fear of professional and personal retaliation. Specifically, the witness, in the witness's own written words, expressed concern about "blow back" and requested that neither said witness's name nor witness's business be associated with this litigation. Specifically, witness states in an email "Is there a way to leave my name and my companies name out of this due to concerns of potential BLOW BACK from Mcnally or others like him."

5. A second witness, Anthony Bonfiglio, who eventually signed and submitted a declaration, also expressed concerns about the potential for "backlash" by McNally's social media followers and viewers. In an email sent to my office, Mr. Bonfiglio asked "is this going to be public? My concern is that there may be some backlash from the other side towards my company."

6. Based on my review of the communications between my law firm and both individuals, I believe their concerns were genuine and materially affected their willingness to participate in these proceedings. One witness entirely withdrew. Another proceeded only after acknowledging the risk and hesitating due to concerns about the effect his testimony could have on his business (which is not associated with this litigation).

7. These interactions demonstrate that the conduct of individuals influenced by Defendant's online posts have already chilled the participation of at least one non-party witness in this case.

8. Additionally, after Plaintiff filed Plaintiff's Motion for Emergency Injunction, Ronald Lee, II, President of Proven emailed me a copy of a letter Mr. Lee's girlfriend received by mail where she lives. I read that letter.

9. One of the things that is concerning about this letter to Mr. Lee's girlfriend is that the online harassment from McNally's social media followers has now moved to the physical world and some of the messages Mr. Lee's family has already received include language threatening violence, including "*naw im a fucking nazi and I want to kill your friends*" and "*I would kill your nigger child.*" Indeed, at least one of McNally's social media followers or viewers spent the time to investigate Mr. Lee and his girlfriend, determine where Mr. Lee's girlfriend lives - even though that is not public information – and then send a letter regarding the case. This would certainly have me concerned for my family's well-being given the violent threats.

10. For these reasons, I believe that the Court's Order on Plaintiff's Emergency Motion for Preliminary Injunction, as well as all related documents, should be sealed from public view. Public disclosure would increase the likelihood of retaliation to Proven and the witnesses in this case and make it even more difficult for Plaintiff to secure witness participation in any potential future proceedings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed this 19th Day of June 2025, in Pinellas County, Florida.

Signature: _____

Name: Derek Fahey

3

Title: <u>Lead Counsel for Plaintiff</u>

4