UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO. 8:25-cv-01119-MSS-LSG

Proven Industries, Inc., a Florida corporation,
    *Plaintiff*,

v.

Trevor McNally, individual,
    *Defendant.*

---

NON-PARTY IAN RUNKLE'S OPPOSITION TO MOTION TO SEAL
<u>UNDER LOCAL RULE 1.11</u>

    Non-Party Ian Runkle ("Mr. Runkle") opposes the Plaintiff's Motion To Seal Under Local Rule 1.11, and states the following:

**I.    INTRODUCTION**

1. This is a case that Plaintiff, Proven Industries has brought due to the national and international attention it had already invited to its dispute with a very high-profile content creator. Having succeeded only in adding more negative attention to the problems with their locks that it wished to hide, Proven Industries now seeks to shut down the public discourse it invited around its court filings.

2. Mr. Runkle is a Canadian lawyer who does legal commentary on YouTube and elsewhere, discussing both Canadian and American legal cases with a mixture of humour and educational content, making legal commentary accessible to the general public (although his viewerbase includes a large number of legal professionals in both countries as well). Mr. Runkle is accredited media in the Alberta Courts. He has also won awards for his content, and has received government grants to produce content.

3. To date, his channel has over 38 million views, 12.1 million hours of total watchtime, and over 300,000 subscribers.

4. This case is of substantial interest to the public, including Mr. Runkle's viewers. Mr. Runkle has created four videos on this topic thus far, which have a total viewership of approximately 700,000 total views. Mr. Runkle's commentary on this topic has already

been mentioned in this case as a potential exhibit, as was a viewer comment on Mr. Runkle's commentary [DE 22, exhibit items 31-32].

5. There is a substantial public interest in this matter and in continued coverage of this matter.

6. Notwithstanding that Plaintiff has now filed a voluntary dismissal without prejudice, they still seek a ruling on the motion to seal. Therefore, the court should also consider this timely filed opposition.

## II. NECESSITY OF FILING THE ITEMS

7. Mr. Runkle takes no position on the necessity of filing these items.

## III. NECESSITY OF SEALING THE ITEMS

8. All of the listed items in Plaintiff's motion other than the transcript were filed not under seal, and have been public record in the intervening time. During that time they have been downloaded by many individuals, including Mr. Runkle. They have been publicly hosted on courtlistener.com, where they will remain even if the documents have been sealed.

9. Certainly, Plaintiff was aware that there was a strong public discourse around these issues—it is in fact the primary basis of their legal action. Plaintiff, while represented by experienced counsel, nonetheless elected to file its pleadings, including the personal and business information it now seeks to protect, not under seal. Plaintiff elected not to use the proper procedures to prevent public disclosure of this information. They also do not allege that this was inadvertent error or a filing mistake, suggesting that it was intentional.

10. It is difficult to see what has changed to make it necessary to seal these documents that was not necessary at the time they were filed. Further, Plaintiff's own filings indicate that the negative effects of the public release of this information have already occurred.

11. In every way possible, this is a bell that cannot be unrung. All of the documents that Plaintiff seeks to seal have been widely published and accessible in downloadable format. Several of the documents have been reported on, including by Mr. Runkle, as part of the public discourse initiated by Plaintiff.

12. Further, the documents are available on sites that are far more accessible to the public than the official record accessed via PACER. Other sites offer access that does not require a login, and where the documents are available free of charge.

13. Plaintiff, having chosen to file these materials publicly and being unhappy about the results of that decision now seeks redress that is simply not possible: To have made a different tactical decision in the first place.

14. Simply put, it cannot be necessary to seal the documents where sealing them will bring no relief. It cannot be necessary to close the barn door once the horse has already escaped.

15. Of all the documents identified by Plaintiff as ones that they seek to have sealed, the only document yet to be posted to courtlistener.com is this Court's own decision.

16. The open courts principle suggests that this must be made available. The decision of the court is known, but the basis for the decision is important for the public's ability to understand it and to recognize the fairness and the appropriateness of the reasoning that lead to it. Mr. Runkle's audience and the audience of other legal commentators are highly interested in the Court's rationale. Coverage of the Court's analysis serves an important role in educating the public on the legal process and the matters specifically at issue here in a far more in depth and accurate manner than is possible with only the holding, but not the full opinion. Mr. Runkle's audience watches his coverage precisely because they want to review the facts and filings in depth rather than in 30 second sound bites.

17. Further, the fact that every document is (as of this writing) commonly available except the transcript suggests that the purpose is not to protect the past named witnesses, but that instead the goal is to shield Proven Industries from criticism and commentary derived from their own arguments and admissions.

18. A transcript is an unlikely weapon for harassment. There does not appear to be any names or contact information that is revealed in the transcript that were not previously already made public. A harasser requires no transcript, they can resort to insults and slurs and threats. While the Plaintiff is concerned that individuals might take statements out of context from the transcript, the cure for this is not to hide the transcript, but instead to reveal it so that the context can be checked and the public can examine falsehoods for themselves and uncover the full truth. Nothing argued by the Defendant is fodder for

harassment. Rather, the concern appears to be that there would be quotations of admissions made by Plaintiffs or their witnesses, as well as the Court's own rulings and commentary.

19. While the harassment experienced by various individuals is regrettable and is in no way condoned, it is also clear from Plaintiff's complaint that the harassment predates any of the materials being filed in this matter.

IV.   **REDACTION OR PSEUDONYMS WOULD BE SUFFICIENT**

20. Plaintiff indicates that redaction or pseudonyms are insufficient, but their arguments are self-defeating. They indicate that "This case has already been publicly identified with the named parties"—that was their own choice, and was entirely within their control. Plaintiffs were represented by experienced and capable counsel at the time they made these tactical decisions. They state that redaction would not be effective because social media followers have already contacted Ronald Lee's girlfriend and mother. Mr. Lee specifically identified his girlfriend in prior filings, and Plaintiff indicates that they contacted Mr. McNally's wife, who certainly was not identified in a filing. If Plaintiff and social media followers are able to identify family members both when they are named in filed materials and when they are not, then that would undermine the claim of necessity of filing under seal.

21. Despite being aware of and fueling the public interest in this case, Plaintiff made the decision not to file these documents under seal or with redactions. Had they made the decision to initially file redacted documents, that would have been sufficient. Plaintiff now requests the Court save it from its own choices by hiding the Court's opinion and removing public access to the official public records which are widely available from unofficial sources.

22. Redaction would have been sufficient from the outset, or the use of pseudonyms for individuals connected to the matter. Certainly, Plaintiff indicates that a potential witness asked "Is there a way to leave my name and my companies name out of this…[?]" [DE 29 at para 18], suggesting that witness would have been entirely comfortable if their name was redacted from the materials or if they had been identified via a pseudonym. They note that another witness, Anthony Bonfiglio was reluctant to sign a declaration

[DE 29 at para 19], but ultimately did so and it was filed without being under seal, redaction, or any other protection, suggesting that in his case it was unnecessary.

23. To the extent that the concern is ongoing harm from these materials being available, redaction would be sufficient—and may be more effective than a sealing order. If the documents are sealed, then the only available copies will be the previously public *unredacted* copies, which are likely to remain readily available. Those seeking out copies of the documents will therefore pursue those that are available, unredacted. If the documents are redacted, then those redacted copies exist to be readily distributed and to compete with the unredacted versions, making it more likely that individuals seeking them find a redacted version.

24. The articulated concerns stem entirely around issues of specific people being *named*. Had these individuals never been named, it's unlikely that these concerns would have arisen. To the extent that it is possible to try to put the genie back in the bottle, redaction is sufficient. To the extent that redaction is insufficient, a sealing order would also be insufficient. There is no reason to go beyond redaction in this case.

V. **BALANCING THE PUBLIC INTEREST**

25. There is strong public interest in this case, as demonstrated by the high viewership of content about this case. This is in part because both Plaintiff and Defendant have been very public in airing this. Given that it is the Plaintiff seeking to seal the materials, this opposition will focus on their position. This Court has heard evidence in the preliminary injunction hearing that the first salvo in this exchange between Plaintiff and Defendant was the decision by Plaintiff to indicate that Mr. McNally would not attempt to pick one of their locks because he only targets easy locks, thus impugning Mr. McNally's ability. They also publicly impugned his character by indicating, in essence, that Mr. McNally was faking his videos and that they would establish this in court.

26. Having chosen to push the issue in public and explicitly referencing their court proceedings in the process, they now seek to conceal that court proceeding. Given that other than the transcript, every document that the Plaintiff seeks to seal has already been publicly available, it is reasonable to conclude that the primary target of the Plaintiff's motion is in fact the transcript. As previously noted, a transcript is not a likely weapon of harassment. When the Plaintiff indicates their concern that "statements made during the

preliminary injunction hearing that could be taken out of context or mischaracterized by Defendant McNally's social media followers and viewers to further incite harassment of Proven's employees, their family members or loved ones", it seems far more likely that their concern is that statements made during the preliminary injunction hearing might be ones that Proven Industries may wish to avoid public commentary on, such as their admission that their locks can be shimmed (although with dispute about the degree of effort/skill/etc involved).

27. Plaintiff should not be able to publicize the trial proceedings as a sword, and then turn around and cry foul when the public exercises First Amendment rights to criticize them. Having made the decision to publicly announce their lawsuit, Plaintiff cannot now claim there is no public interest in it. The natural consequence of publicity is public commentary from many viewpoints, including those critical of Proven Industries.

## V.   CONCLUSION

28. Non-Party Ian Runkle therefore respectfully asks this court to deny the motion to seal.

Respectfully submitted this 9th day of July, 2025.

/Ian Runkle/

Ian Runkle, Pro Se
PO BOX 99900 HW 620 350RPO
KINGSWAY MALL
EDMONTON AB T5G 0V2
Canada
1-403-800-2865
runkleofthebailey@gmail.com