UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PROVEN INDUSTRIES INC.,

    Plaintiff,

v.

                              Case No. 8:25-CV-01119-MSS-LSG

TREVOR McNALLY, individual,

    Defendant.

_____/

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL**

Defendant, Trevor McNally, files this opposition to Plaintiff's Motion to Seal Under Local Rule 1.11 [Doc. 29], and in support states as follows:

**INTRODUCTION AND BACKGROUND**

Proven Industries, Inc. ("Proven") asks this Court to seal nearly every document in this case. This extraordinary request—filed only after the Court denied Proven's emergency motion for preliminary injunction—is an improper attempt by Proven to shield its failed legal strategy from the public. There is no basis to seal any of the documents in this case and Proven's motion should be denied.

Proven is a lock manufacturer that frequently promotes its products through social media. After publishing a promotional video about one of its locks, Proven publicly challenged McNally suggesting he could not open the lock. McNally, in response, published a video in which he bypassed Proven's lock with an aluminum

can in a matter of seconds. Rather than address the flaws in its product, Proven publicly attacked McNally on social media and filed this lawsuit.

In the early stages of this case, Proven had no qualms about making this dispute public. Proven boasted to its social media followers about how it sued McNally and about how confident it was that it would prevail. Proven even *encouraged* people to search for the lawsuit: "We have filed a lawsuit and will be exposing him. Look up proven vs mcnally, *check out the formal filing.*" Doc. 15-13.

On June 2, 2025, Proven filed its Emergency Motion for Preliminary Injunction Motion along with multiple declarations and numerous exhibits. Although Proven now claims the motion and the documents it filed disclose "sensitive and confidential business information" and other "additional sensitive information," Proven did not attempt to seal these materials prior to filing them. On June 6, 2025, McNally filed his response and, on June 10, 2025, Proven filed a reply along with another declaration. Proven did not seek to file its reply or supplemental declaration under seal, nor did it ask for McNally's response to be sealed.

On June 13, 2025, the Court held the preliminary injunction hearing during which Proven never raised confidentiality concerns, never requested sealing, and never suggested that any information disclosed in court or in any of the filings required protection from public disclosure. At the conclusion of the hearing, the Court denied Proven's motion for preliminary injunction.

Only after the Court denied Proven's motion for preliminary injunction did Proven suddenly discover a need for secrecy. On June 20, 2025, Proven filed its

2

motion asking the Court to seal almost every document in this case, including the preliminary injunction order and documents that Proven chose to file in the public domain. Approximately two weeks later, Proven decided to dismiss this case but nevertheless asked the Court to rule on its pending motion to seal. Doc. 33.

As evidenced by the fact that Proven never sought to seal anything in this case until after the court denied its motion for preliminary injunction, Proven's true motivation for filing its motion to seal is not to protect sensitive information, but rather to hide from the public any trace of the preliminary injunction proceedings.

## MEMORANDUM OF LAW

### I. Proven filed a notice of voluntary dismissal and its motion to seal is moot.

A plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately. *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021). It is also "self-executing and moots all pending motions." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Thus, when Proven filed its notice of voluntary dismissal, this case concluded and Proven's pending motion to seal was rendered moot. Accordingly, Proven's motion to seal should be denied.

### II. Proven's motion to seal should be denied because it fails to establish good cause sufficient to rebut the presumption of public access.

Even if Proven's motion to seal is not moot, it should still be denied because Proven has failed to demonstrate a sufficient basis to overcome the presumption of public access to the judicial proceedings. "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v.*

3

*Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). There is a presumptive common-law right of access to judicial proceedings and to inspect and copy judicial records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). The common-law right of access is "an essential component of our system of justice," and "is instrumental in securing the integrity of the process." *Id*. The presumption of public access is echoed by this Court's local rules. *See* M.D. Fla. Local R. 1.11(a). Although the public's right of access is not absolute, Proven has failed to demonstrate that good cause sufficient to overcome the presumption for at least three different reasons.

First, any attempt by Proven to demonstrate good cause is belied by its actions leading up the preliminary injunction hearing. Proven is the party that filed this lawsuit and then boasted about it on social media and encouraged people to search for the case. Proven was aware of, and even encouraged, the public interest in this case, and still filed numerous documents in the public record without making any effort to file them under seal. If these materials were truly sensitive, as Proven claims, Proven would have (or should have) moved to seal them before filing. It was only after the Court denied Proven's motion for preliminary injunction that it sought to have these proceedings shielded from the public. Proven has not provided the Court with any explanation about why it never sought to file its documents under seal nor why it waited until the Court denied its motion for preliminary injunction to file its motion to seal. "[S]hielding a party from the litigation consequences of its own

4

activities is not a value to be served by allowing documents to be filed under seal." *McCullough v. Nat'l Ass'n of Ctys.*, 2011 WL 13299572, at *2 (M.D. Fla. July 19, 2011).

Second, the documents Proven asks the Court to seal have been publicly available for weeks and therefore should not be sealed. *See OJ Commerce, LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1241 (11th Cir. 2022) ("a party should not seek to seal information that is already public"). Moreover, a YouTube content creator has published videos discussing this case, including depicting some of the documents in this case, which have received approximately 700,000 total views. Doc. 34, ¶ 4. Because the documents have been accessible in the public domain for weeks and the subject of public discussion, there is no rational basis to now seal those documents.

Third, Proven does not identify the specific information contained in the documents that it claims is "sensitive."[1] Similarly, Proven does not explain how sealing nearly every document in this case would protect Proven from the harm it claims it is suffering. Instead, Proven speculates that this case will be used by McNally's social media followers to harass Proven, but fails to provide any explanation as to how that might occur. In fact, according to Proven, much of this alleged harassment occurred before the case was even filed. *See* Doc. 1, ¶¶ 63-65.

---

[1] Proven references certain marketing and revenue related information that it characterizes as "confidential business information." But again, Proven previously filed these documents in the public record without seeking any protection. Moreover, Proven fails to explain how the information is confidential or how it would adversely impact Proven if it remains public. Proven's generic, boilerplate descriptions of potential harm are insufficient. *See U.S. All Star Fed'n, Inc. v. Open Cheer & Dance Championship Series, LLC*, 2024 WL 167267, at *5 (M.D. Fla. Jan. 16, 2024).

5

Thus, Proven has not and cannot demonstrate that sealing the documents it has identified will prevent the harm it claims it will suffer.

Proven has not demonstrated good cause to overcome the strong presumption of public access to this case and its motion to seal should be denied.

### III. Proven's motion to seal should be denied because it fails to establish why it is necessary to seal nearly the entire record in this case.

Local Rule 1.11(b)(3)(B) requires that Proven establish "that sealing the item is necessary." Here, Proven asks the Court to seal nearly every document in this case without identifying the specific information contained in each document that substantiates its purported basis to seal and without explaining how sealing any of these documents would protect Proven from the harm it is purportedly suffering.

Proven's failure to identify the specific information and corresponding basis to seal each document demonstrates that it is not concerned about protecting sensitive information but, instead, is trying to hide the preliminary injunction proceedings from the public. This is further exemplified by some of the materials Proven seeks to have sealed. For example, Proven asks the Court to seal the Court's order setting the preliminary injunction briefing schedule [Doc. 12] and the corresponding notice of hearing [Doc. 13]. These are procedural documents issued by the Court that do not contain any sensitive or confidential information; nevertheless, Proven apparently wants them sealed. As another example, Proven asks the Court to seal a document (Doc. 10-18, PageID 285-86) even though that same document is attached as an exhibit to its complaint (Doc. 1-4, PageID 72-73), which Proven is *not* seeking to seal.

In short, there is no basis to seal *any* document in this case, let alone *nearly every* document as Proven requests. Because Proven fails to sufficiently explain why it is necessary to seal each document, Proven has failed to meet the standard established by Local Rule 1.11(b)(3)(B) and its motion should be denied. *See Saunders v. City of Lakeland*, No. 8:22-CV-2482-MSS-UAM, 2024 WL 4695879, at *1 (M.D. Fla. Nov. 6, 2024) (finding that plaintiff's motion failed to satisfy the requirements of Local Rule 1.11 in part because "Plaintiff points to no specific information contained in any of the documents that poses a threat to Plaintiff's personal safety or otherwise should be kept confidential").

IV. **Proven's motion should be denied because it fails to establish that using redaction or a means other than sealing is unavailable or unsatisfactory.**

Local Rule 1.11(b)(3)(C) requires Proven to establish that "using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory." Proven makes a generic claim that redactions are insufficient, but it fails to provide any legitimate explanation as to why. Instead, Proven resorts to a blanket assertion that, even with redactions, the documents in this case would reveal "contextual information" that could somehow be "weaponized" by unknown third parties to harm Proven. Proven's conclusory claims are insufficient to establish that sealing is appropriate under Local Rule 1.11 and its motion should be denied. *See Bedgood v. Wyndham Vacation Resorts, Inc.*, 2025 WL 326652, at *2 (M.D. Fla. Jan. 29, 2025).

## **CONCLUSION**

For the reasons stated above, the Court should deny Proven's Motion to Seal.

7

/s/ Kenneth G. Turkel
Kenneth G. Turkel - FBN 867233
LEAD COUNSEL
E-mail: kturkel@tcb-law.com
David A. Hayes - FBN 96657
E-mail: dhayes@tcb-law.com
TURKEL CUVA BARRIOS, P.A.
100 N. Tampa Street, Suite 1900
Tampa, FL 33602
Tel: (813) 834-9191
Fax: (813) 443-2193
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 11, 2025, the foregoing document was filed with the Court's CM/ECF system, which will send electronic notice to all counsel of record.

/s/ Kenneth G. Turkel
Attorney